## Smith's Estate

*Edwin Fischer,* for exceptant.
*Lester B. Johnson* and *Wallace C. Stilz,* contra.

LADNER, J., June 4, 1937.—The relevant facts sufficiently appear in the auditing judge's adjudication and need not be repeated. Two sets of exceptions were filed, one involving the auditing judge's construction of item 4 of the will, setting up what is known as the Twenty-fifth Ward Trust, and the others to his construction of item 5 of the will, setting up what is known as the Enterprise Trust. The language of the will setting up both trusts is so substantially similar and the ruling of the auditing judge the same as to both, that the exceptions will all be treated together.

The question raised by the exceptions is whether the auditing judge erred in holding that the word "issue" in these two provisions of the will must be taken in its broader sense as including "descendants" rather than in a restricted sense as meaning "children".

We regard the English rule as still prevailing in Pennsylvania, viz., that the word "issue" prima facie means all descendants and that such interpretation must prevail unless there is something in the will which indicates a different or more restricted meaning of the word: Miller's Appeal, 52 Pa. 113 (1866); Wistar v. Scott, 105 Pa. 200 (1884). It is true that in Mayhew's Estate, 307 Pa. 84 (1932), the Supreme Court departed from the earlier authorities to the extent of making an exception by refusing to apply the rule where its effect would be to bring grandchildren into competition (per capita) with living parents. The case before us is not, however, within that modification of the rule, and, as we see nothing in the will before us which indicates any intention on the part of testator to restrict the word "issue" in its meaning to the children of first takers of trust income, it follows that the construction by the auditing judge should be upheld.

Exceptants, Ida A. Kramer et al., suggest that we ought to find an indication of the restricted use of the word "issue" from the fact that at the termination of the trust the will divides the corpus among the children

of first takers of income, and argues that if we sustain the auditing judge we will have the anomalous situation in which great-grandchildren of testator may receive the income of the trust while it continues, but not share in the principal when the trust ends. It is not certain that this so-called anomalous situation really exists, for it may be held, when the trust comes to an end, that the remainder will be regarded as vested in the children so as to avoid the disinheritance of their descendants. However, this question is not now before us and we do not decide it. Aside from this, however, we fail to see that the so-called anomalous situation indicates that testator meant, by the use of the word "issue", children of the first takers, when he did not use the word "issue" in the portion of the paragraph disposing of the corpus of the trust. Rather it seems to us that testator knew how to discriminately use the words "issue" and "children".

Finding nothing in the will to indicate that the word "issue" was used in any restricted sense, the auditing judge must be held to have correctly given it its broad or prima facie meaning. The exceptions are dismissed and the adjudications confirmed absolutely.